# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7568 | **DATE** | 12/10/2002 |
| **CASE TITLE** | In Re: KMART CORP et al    02 B 2474 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    The Bankruptcy Judge's order of September 10, 2002 is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 11 2002 | |
| | Notified counsel by telephone. | date docketed | 9 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 12/10/2002 | |
| JS | courtroom deputy's initials | 02 DEC 11 AM 7:59<br>Date/time received in central Clerk's Office | date mailed notice<br>JS<br>mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**DEC 1 1 2002**

In re: )
)
)
Kmart Corporation, et al., ) No. 02 C 7568
) (02 B 02474)
Debtors. )
)

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 22, 2002, debtor-appellee Kmart Corporation and certain of its domestic subsidiaries and affiliates filed a petition for reorganization relief under chapter 11 in the United States Bankruptcy Court for the Northern District of Illinois. Pursuant to 11 U.S.C. § 362, Kmart's filing served to automatically stay appellants', Carrie Ann Lucas, Debbie Lane, and Julie Reiskin, Americans with Disabilities Act ("ADA") lawsuit against Kmart filed in October 1999 in the United States District Court for the District of Colorado ("Colorado ADA litigation"). In the Colorado ADA litigation, appellants allege that Kmart is operating its stores in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, which prohibits disability discrimination by places of public accommodation. On May 29, 2002, appellants moved for relief from the automatic stay. On August 29, 2002, following presentations by counsel for appellants and appellee, United States Bankruptcy Judge Susan Pierson Sonderby found that appellants had not shown sufficient cause to lift the automatic stay. (Tr. at 292-93.) On September 10, 2002, Judge Sonderby, for the reasons stated on the August 29, 2002, record, entered an order denying appellants' motion without prejudice. Pursuant to 28 U.S.C. § 158(a)(1), appellants appeal to this court from Judge Sonderby's order. A

1

bankruptcy court's decision on a motion for relief from stay is reviewed under the "abuse of discretion" standard. In re McGaughey, 24 F.3d 904, 906 (7th Cir. 1994).

The automatic stay provision of § 362 operates as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). Pursuant to § 362(d)(1), a court may grant relief from an automatic stay "for cause." To determine whether "cause" exists to lift or modify an automatic stay, the Seventh Circuit has articulated the following three-factor test which examines whether: "a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of prevailing on the merits." In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991). This court finds that Judge Sonderby weighed each of these factors and determined that the prejudice to Kmart in having to litigate the ADA case in Colorado at this time was not considerably outweighed by the hardship to appellants resulting from maintaining the automatic stay. This court cannot find that Judge Sonderby abused her discretion in denying appellants' motion.

First, as Judge Sonderby pointed out, lifting the stay would result in the following prejudices to Kmart: "financial risks, the enormous expenditures, the cost of litigation and the time that it would take for executives and employees of Kmart of deal with a lawsuit of this nature . . . ." (Tr. at 292-93.) Although appellants are only seeking injunctive relief under Title III of the ADA, 42 U.S.C. § 12188(a), Kmart would have to absorb the cost of litigating the Colorado ADA litigation, which this court estimates would be in the hundreds of thousands of dollars, and also could be

required to pay attorneys' fees pursuant to the ADA's fee-shifting provision, 42 U.S.C. § 12205. Further, high-level executives, store managers and assistant store managers, and other Kmart employees who are currently occupied with the work of reorganization and operating the business would be forced to take attention away from the bankruptcy estate's endeavors at this stage in the bankruptcy proceedings and devote time to the Colorado ADA litigation outside the context of the estate. Judge Sonderby is an experienced bankruptcy judge who clearly considered all the appropriate circumstances with respect to the entire Kmart bankruptcy in denying appellants' motion to lift the stay. Counsels' appellate record here only reflects a small part of the estate's proceedings before Judge Sonderby which she appropriately had before her in addressing this motion.

Second, as Judge Sonderby noted, "it's unfortunate that [the appellants] may be inconvenienced" in shopping at Kmart. (Tr. at 293.) While this court recognizes that appellants, and possibly other potential class members, face some hardship if the Colorado ADA litigation remains stayed, this court cannot find that Judge Sonderby abused her discretion in determining that such hardship does not considerably outweigh the hardships to the debtor Kmart if the Colorado ADA litigation proceeds at this time. Moreover, although the Colorado ADA litigation has been pending for three years, the trial court in Colorado has not ruled on the motion for class certification nor has there been any considerable discovery on the merit of appellants' claims. As Kmart is "in the early stage of this reorganization" (Id.) and the Colorado ADA litigation has not advanced to the point of consideration of the merits, this court cannot find that Judge Sonderby abused her discretion by allowing Kmart to concentrate its current efforts on the bankruptcy reorganization (Tr. at 292). Admittedly, not lifting the automatic stay at this time will impose some delay on the Colorado ADA litigation, but "[t]hat, after all, is its purpose, and the reason they call it a 'stay.'" In re Comdisco,

3

Inc., 271 B.R. 273, 277 (Bankr. N.D. Ill. 2002).

Third, although Judge Sonderby did not make an explicit finding with respect to appellants' probability of prevailing on the merits in the Colorado ADA litigation, she did address this prong by stating that Kmart is "working toward that [ADA compliance], and they [Kmart] have convinced me, pursuant to the papers, that they have made significant strides in that direction." (Tr. at 292.) Appellants did not convince Judge Sonderby that they had a sufficient probability of prevailing on the merits so as to overcome the other factors Judge Sonderby considered in maintaining the automatic stay. Obviously, Judge Sonderby was not attempting to adjudicate the merits of appellants' claims in the Colorado ADA litigation, but based on the evidence before her, including Kmart counsel's proffers and Judge Sonderby's remarks thereon, she was well aware that Kmart has defenses to the merits of appellants' allegations.

Appellants' primary argument in this appeal is that Judge Sonderby erred by relieving Kmart of its obligation to comply with the ADA, a law of general applicability, while reorganizing. This court would agree with appellants if this was Judge Sonderby's holding. It, however, was not her holding. A chapter 11 debtor, of course, is not excused from complying with laws of general application during reorganization. In re CMC Heartland Partners, 966 F.2d 1143, 1146 (7th Cir. 1992). Judge Sonderby, in denying appellants' motion to lift the automatic stay, did not grant Kmart a license to violate the ADA. Contrary to appellants' arguments, she did not relieve or immunize Kmart of its ADA obligations; rather, she ensured that the issues raised by appellants' allegations of Kmart's noncompliance with the ADA will be addressed within the administration of the estate at this time. Judge Sonderby made no findings as to Kmart's ADA compliance or non-compliance. She was explicit that Kmart must meet the ADA's requirements. She stated, "It is understood that

the Debtor is going to have to deal with the problems, and they are going to have to deal and comply with the ADA act requirements; however, it does appear that they are working toward that, and they have convinced me, pursuant to the papers, that they have made significant strides in that direction." (Tr. at 292.) This court cannot find that Judge Sonderby abused her discretion in reaching this conclusion.

Finally, appellants argue that because they seek only an injunction requiring post-petition compliance with the ADA, their allegations are not dischargeable in bankruptcy. However, as discussed above, litigation and an injunction could cause Kmart to deplete resources and ultimately pay appellants' attorneys' fees. Moreover, bankruptcy courts have held that nondischargeability alone does not constitute "cause" to lift a stay. See In re Morgan, 44 B.R. 516, 517 (Bankr. N.D. Ala. 1984); In re Dahlquist, 34 B.R. 476, 482 (Bankr. D.S.D. 1983); In re Morin, 29 B.R. 606, 606-07 (Bankr. D. Me. 1983). In addition, the Seventh Circuit has made clear that even where a cause of action is not dischargeable, the bankruptcy judge must nonetheless consider the three factors set forth in Fernstrom in deciding whether to lift or modify a stay. In re Udell, 18 F.3d 403, 410 (7th Cir. 1994). This is what Judge Sonderby did when she presided in the Fernstrom case and what she has properly done here. As discussed above, this court cannot find that Judge Sonderby abused her discretion in applying the Fernstrom factors and determining that appellants have not shown sufficient cause to life the stay.

Based on the foregoing, Judge Sonderby's September 10, 2002, order is affirmed.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: December 10, 2002

5